### E. Napoleon *v*. The State.

1. Embezzlement. — Partners sustain the character of principals as well as agents, and have a community of property and interest in the partnership effects, and, therefore, cannot embezzle the funds of the partnership which they wrongfully apply to their individual uses without mutual consent. But this immunity does not attach as long as the partnership contract is executory only, or dependent upon unperformed conditions precedent.

2. Same — Case Stated. — Appellant and one R. agreed to furnish equal capital and engage as partners in a venture, to be managed by appellant, who was to purchase the stock and conduct the business. R. paid his part of the capital to the appellant, who thereupon abandoned the venture and appropriated R.'s money to his own use. *Held*, that no partnership was consummated between R. and appellant, so as to screen the latter from amenability for embezzlement of the former's funds.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. G. Cook.

The opinion states the material facts. The jury gave the appellant two years of the penitentiary.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Ector, P. J. The defendant was indicted in the Criminal District Court of Harris County, for embezzlement. There is but one question in this case which the record brings to

the attention of this court that is necessary for us specially to notice in this opinion, and that is the question of partnership raised on the trial by charges asked by appellant.

It appears from the evidence that defendant had been negotiating for the hiring of a car to attend a picnic from Houston to Huntsville, in this state; that Ransom agreed with defendant for each of them to raise an equal amount of money for the purpose of hiring said car and providing confectionery, to attend said picnic, in a joint adventure; that Ransom furnished defendant $32.50 in money, with the understanding that appellant would furnish a like amount for the purpose of undertaking the joint adventure above described, the defendant to give his personal attention to the business, and to share alike in the profits or loss. Defendant finally failed to hire said car, and never performed his part of the condition precedent to the partnership — that is, to furnish his part of the money and give his personal attention to the business of the partnership agreed on between them — but appropriated the money advanced to him by Ransom to his, defendant's, own use, without the consent of Ransom. Among other charges to the jury, the District Court instructed them as follows:

" If you believe from the evidence that the defendant and Ransom had an agreement together to furnish so much money each, and hire a car and purchase confections for mutual benefit, and that Ransom delivered to defendant, as his contributive share, twenty dollars or over of United States currency, commonly called greenbacks, of value of twenty dollars or over, and defendant so received it, and had it in his care to be by him so invested for that purpose, then you are instructed that defendant assumed an agency; and, if you further believe from the evidence that the defendant failed to do as agreed and understood between the parties, and undertaken by defendant, but that, without the consent of Ransom, the defendant fraudulently appropriated

the same to his own use, you will find defendant guilty of embezzlement and assess the punishment."

The defendant asked the court to instruct the jury: "If you believe from the testimony that the said Henderson Ransom advanced the $32.50 to said defendant, and that said defendant was to furnish the same amount, and that the sum so raised by said Henderson Ransom and said defendant was to be invested in hiring of a refreshment car, and said defendant was to share in the profits or loss of said venture, in that case you will find the defendant not guilty;" which charge the court refused to give.

We think the court had already presented, in its charge to the jury, the law as applicable to the facts proved, and that it did not err in refusing the special instruction asked by defendant. A *partner* cannot be guilty of embezzlement of partnership funds, because such partner combines in himself at once the character of principal and agent. The partners have a community of property and interest in the partnership effects. In law they are treated, in a qualified sense, as joint tenants of the partnership property, having an interest therein *per my et per tout.*

In this case the partnership was never consummated; the appellant did nothing in the performance of the conditional agreement. The precedent conditions were that he was to hire a car and furnish half of the capital, etc.; but, after defendant got Ransom's money, he appropriated it to his own use and abandoned the enterprise. No one of the conditions precedent were performed by defendant. Then there was no partnership, and defendant had nothing over which to exercise control and authority as a principal or owner; but he stood simply as an agent of Ransom.

Mr. Parsons, in his work on Partnership, page 6, says: "There must be a lawful agreement to enter into a partnership," and "this contract must be executed." See, also, on page 13, *ibid.* On page 14 he observes: "If the agree-

ment of copartnership is executory and conditional, no part-
nership is created by it until all the conditions are fulfilled."
See, also, *Wilson* v. *Campbell*, 5 Gilm. 383, and *Howell* v.
*Brodie*, 6 Bing. 44.

We find no error committed on the trial of the cause cal-
culated to injure the rights of defendant. The judgment is
affirmed.

*Affirmed.*